UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-22426-CIV-MORENO

DAVID YOUNG, *et al.*,

    Plaintiffs,

vs.

WEST PUBLISHING CORPORATION,

    Defendant.
_____/



CLOSED CIVIL CASE

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THE MATTER was referred to the Honorable Edwin G. Torres, United States Magistrate Judge for all pretrial proceedings (**D.E. No. 17**), filed on **October 19, 2009**. The Magistrate Judge filed a Report and Recommendation (**D.E. No. 41**) on **April 14, 2010** on Defendant's Motion to Dismiss. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation (**D.E. No. 41**) on **April 14, 2010** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1)    The Court DISMISSES Plaintiffs' complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

(2)     The Court DISMISSES any other allegations of impermissible uses, such as "skip tracing," for lack of standing and ripeness under Rule 12(b)(1).

Additionally, the Court will analyze some of the arguments and objections made in response to Magistrate Judge Torres's Report and Recommendation.

## ANALYSIS

The Driver's Privacy Protection Act (the "Act") restricts state departments of motor vehicles from disclosing motor vehicle records. The Act also provides exceptions where state departments may disclose motor vehicle records so long as the disclosure satisfies one of the listed "permissible uses." Relevant here, are the permissible uses listed in 18 U.S.C. § 2721 (b)(4), (b)(5) and (c).

Construing the allegations in the light most favorable to Plaintiffs as the non-moving party, the Court identifies three sources of liability under the Act based on Plaintiffs' complaint: (1) unauthorized recipient; (2) improper disclosure; and (3) impermissible use. Judge Torres's Report and Recommendation relies on Plaintiffs conceding that Defendant is an authorized recipient of the protected information under the Act. Plaintiffs object, however, and claim that they did not concede this point. The Court will analyze this issue as if it were contested in light of Plaintiffs' allegation in the complaint that Defendant is not an authorized recipient. (Compl. ¶45.) The Court will review these allegations under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

*(a) authorized recipient*

Part (c) of § 2721 states that "an authorized recipient of personal information . . . may resell or redisclose the information only for a use permitted under subsection (b) . . . ." Part of Plaintiffs' allegations are that Defendant is not an authorized recipient because Defendant does not itself use

the information under one of the permissible uses, but instead, violates the Act when it rediscloses the information to third parties. Plaintiffs read the Act to mean that to be an authorized recipient you must also be a user of that information, not merely a provider of that information. Plaintiffs claim that because Defendant does not itself "use" the information under a permissible use, then Defendant violated the statute.

The issue then is whether an "authorized recipient" needs to be an "authorized user" such that the authorized recipient would need to establish its own independent permissible use of the information to follow the Act. The Court finds that the Act does not require an independent permissible use for the entity that receives the information in order to qualify as an authorized recipient under the Act. *See Graczyk v. West Publ'g Corp.*, No. 09 C 4760, 2009 WL 5210846 at *4-5 (N.D. Ill. Dec. 23, 2009). "Although the statute does not provide a definition of 'authorized recipient,' the meaning of the term can readily be inferred from its ordinary meaning and the context in which it appears. Read in the context of the DPPA 'authorized recipient' unambiguously refers to an individual or entity authorized to receive personal information for sale or resale." *Graczyk*, 2009 WL 5210846, at *4 (N.D. Ill. Dec. 23, 2009). The only requirement is that the reseller, as an authorized recipient, sell the information to an entity with a permissible use. *See Russell v. Choicepoint Services, Inc.*, 300 F. Supp. 2d 450, 456 (E.D. La. 2004) ("Any interpretation of 'authorized recipient' to mean 'authorized user' runs afoul of the words' common definitions and, in effect, renders the term 'recipient' meaningless under the DPPA.") Therefore, Plaintiffs claim that Defendant is not an authorized recipient fails as a matter of law.

### *(b) proper disclosure*

Plaintiffs argue that even though Defendant may be an authorized recipient it nonetheless violated the Act when it disclosed the protected information to third parties for "legal research." This argument also fails because improper disclosure hinges on whether the information was disclosed for a permissible purpose. Indeed, § 2721(b) specifically allows for disclosure of the protected information so long as it is for a permissible purpose. As explained below, because the Court finds that legal research is a permissible purpose, Plaintiffs claim that Defendant improperly disclosed protected information fails.

### *(c) impermissible use*

As explained in Judge Torres's Report and Recommendation, Plaintiffs argue that even if Defendant may be an "authorized recipient" of the protected information, Defendant can nonetheless still violate the Act by disclosing the protected information to third parties for "legal research." Yet, even if the Court assumes this position is true, Plaintiffs' argument still fails because the Court finds that "legal research" is a permissible use under the Act based on § 2721(b)(4) and § 2721(b)(5).

Section 2721(b)(4) of the Act states that motor vehicle records may be disclosed for use in connection with an investigation in anticipation of litigation. Specifically, the Act allows for disclosure for "use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court." 18 U.S.C. § 2721(b)(4). Therefore disclosing information in anticipation of litigation is clearly permitted under the Act, and

so, to the extent that legal research is done in anticipation of litigation, Plaintiffs' claim fails as a matter of law.

Also, § 2721(b)(5) allows disclosure of motor vehicle records for use in research activities so long as the personal information is not published, redisclosed, or used to contact individuals. Hence "legal research" that is not connected to an investigation in anticipation of litigation is also permissible under the statute. An example of something that would be legal research not done in anticipation of litigation would be legal research for academic or educational purposes. The Court finds that subsection (b)(5) includes legal research that may not be done in anticipation of litigation but still permissible so long as the information is "not published, redisclosed, or used to contact individuals." Plaintiffs do not allege that the information used for legal research by Defendant was "published, redisclosed, or used to contact individuals," and therefore, their claim fails. Furthermore, as cited in Judge Torres's Report and Recommendation, the Eleventh Circuit has stated that § 2721(b)(5) is tied to the occupation of "researchers." *See Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.*, 525 F.3d 1107, 1113-14 (11th Cir. 2008). It follows then that one who does legal research is a researcher and is thus acting under a permissible use of the statute.

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss **(D.E. No. 27)**, filed on **January 22, 2010** is GRANTED. Further, Plaintiffs' Motion for a Hearing, **(D.E. No. 45)**, filed on **April 29, 2010** is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of July, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Magistrate Judge Edwin G. Torres
Counsel of Record